JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JEFF MACY,<br><br>　　　　　Plaintiff,<br>　　v.<br>SAN BERNARDINO COUNTY,<br>　　　　　Defendant. | No. 5:25-cv-00244-RGK-BFM<br><br>**ORDER REMANDING CASE TO STATE COURT** |

　　The Complaint in this action alleges that Defendant San Bernardino County[1] violated federal civil rights laws and state law. (ECF 1-1 at 2.) Plaintiff alleges claims for (1) Trespass, (2) Municipal and Supervisory Liability under 28 U.S.C. § 1983, (3) Intentional Infliction of Emotional Distress, (4) Environmental Hazard, (5) Invasion of Privacy, (6) Extortion, and (7) Failure to comply with public records requests. The Complaint was originally filed in the San Bernardino County Superior Court. On January 29, 2025, Defendant removed the matter to this Court. (ECF 1.) This Court *sua sponte* **remands** this

---

[1] Plaintiff named as Defendant the County of San Bernardino Public Works Solid Waste Management Division. Defense counsel avers that that entity is properly sued as San Bernardino County. (ECF 1 at 2.)

action to the San Bernardino County Superior Court for lack of subject matter jurisdiction.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" unless otherwise expressly provided by Congress. 28 U.S.C. § 1441(a); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot.*, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted). A federal court may raise a lack of federal jurisdiction sua sponte. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

This Complaint is duplicative—claim for claim, and in large part, word for word—of a complaint previously filed in and dismissed by this Court, *Macy v. Cnty. of San Bernardino Public Works Waste Mgmt.*, No. 5:24-cv-1333-RGK-BFM, ECF 1; ECF 6 at 2 (Order Denying Request to Proceed In Forma Pauperis).[2]

That earlier case was dismissed, among other reasons, because the Court saw no basis for federal jurisdiction. *E.g.*, *Macy*, No. 5:24-cv-1333-RGK-BFM, ECF 6 (Order Denying Request to Proceed In Forma Pauperis). More specifically, the Court found the claims alleged in the complaints did not state a federal cause of action, and that jurisdiction did not exist "merely because

---

[2] The Court noted that that earlier case was itself duplicative in some respects of other filings. *See Macy*, No. 5:24-cv-1333-RGK-BFM, ECF 6 at 2 (Order Denying Request to Proceed In Forma Pauperis) (pointing to *Macy v. Cnty. of San Bernardino Bd. of Supervisors*, No. 5:24-cv-1165-RGK-BFM, *Macy v. Cnty. of San Bernardino Bd. of Supervisors*, No. 5:24-cv-1267-RGK-BFM, and *Macy v. Cnty. of San Bernardino Public Works Solid Waste Mgmt.*, No. 5-24-cv-1420-RGK-BFM).)

1  Plaintiff characterizes his claims as federal civil rights violations." *Id.* at 2.
2  These facts are just as true on removal as they were when Plaintiff filed his
3  claims in this Court. Remand to state court is thus appropriate.
4     **IT IS THEREFORE ORDERED** that this matter be, and hereby is,
5  **REMANDED** to the San Bernardino County Superior Court of California, for
6  lack of subject matter jurisdiction.

DATED: **2/7/2025** _____

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE